UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEVON JOSEPH ANDERSON,<br><br>                    Petitioner,<br><br>    v.<br><br>RANDY VALLEY and RAUL LABRADOR,<br><br>                    Respondents. | Case No. 1:23-cv-00500-DKG<br><br>**INITIAL REVIEW ORDER** |

Petitioner Devon Joseph Anderson, an inmate in the custody of the Idaho Department of Correction, has filed a Petition for Writ of Habeas Corpus. *See* Dkt. 1. In addition to the Petition filed as the initial pleading, Petitioner has also filed an Amended Petition and a document entitled, "Supplemental Claim Seven," though Petitioner did not seek leave to file a supplemental pleading. *See* Dkts. 6, 7; Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

The Court must review a habeas corpus petition upon receipt to determine whether the petition is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having conducting that review, the Court concludes that Petitioner will be required to file a second amended petition in order to proceed in this action.

INITIAL REVIEW ORDER - 1

Habeas Rule 2(c) requires a habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Because all of the facts and grounds for relief must be included in the petition, the Court and Respondents need not consider allegations or arguments set forth in other documents. *See Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 (D. Idaho Sept. 27, 2018) (unpublished) ("The Court was not required to meticulously search through the many documents Petitioner submitted with his Petition. Instead, it was entitled to rely on the habeas Petition itself to contain all of the information necessary to adjudicate that Petition."). Petitioner's habeas claims here are set forth in multiple documents, which violates Rule 2(c).

Moreover, Petitioner has not complied with Habeas Rule 2(d), which requires any habeas petition brought pursuant to 28 U.S.C. § 2254 to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This Court has adopted a local form for § 2254 petitioners.

Accordingly, within 28 days after entry of this Order, Petitioner must file a second amended petition complying with Rules 2(c) and 2(d).

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court will provide Petitioner with this Court's form § 2254 petition, and Petitioner is encouraged and expected to use that form to draft any second amended petition.

2. Within 28 days after entry of this Order, Petitioner must file a second

amended petition that complies with Habeas Rules 2(c) and 2(d). If Petitioner does not file a timely second amended petition, this case may be dismissed with prejudice and without further notice. Alternatively, Petitioner may file a Notice of Voluntary Dismissal if he no longer intends to pursue this case.

3. Petitioner's Motion to Absolve (Dkt. 9), in which he asks this Court to declare his state court conviction invalid, is DENIED as premature. The merits of Petitioner's habeas claims are not yet at issue in this matter.

DATED: January 16, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge