UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEVON JOSEPH ANDERSON,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>RANDY VALLEY and RAUL LABRADOR,<br><br>　　　　　　　Respondents. | Case No. 1:23-cv-00500-DKG<br><br>**SUCCESSIVE REVIEW ORDER** |

　　　　The petitioner in this habeas corpus action is Devon Joseph Anderson ("Petitioner"), a prisoner in the custody of the Idaho Department of Correction. As instructed in the Court's January 16, 2024, Order, Petitioner has filed a Second Amended Petition for Writ of Habeas Corpus challenging pending state criminal charges. *See* Dkt. 11. It does not appear that Petitioner raises any claims challenging the conviction for which he is incarcerated.

　　　　Petitioner asserts his claims under 28 U.S.C. § 2241, the general habeas corpus statute. Title 28 U.S.C. § 2241 gives federal courts jurisdiction to issue pretrial writs of habeas corpus to state criminal defendants in appropriate cases. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–93 (1973).

　　　　In its discretion, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to habeas petitions filed pursuant to § 2241. *See* Habeas Rule 1(b). Therefore, the Court now reviews the Petition to determine whether it is subject to

summary dismissal pursuant to 28 U.S.C. § 2243 and Habeas Rule 4. That rule permits dismissal of a habeas petition if "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## REVIEW OF PETITION

At least one of Petitioner's claims asserts that the pending charges against him violate the Double Jeopardy Clause of the Fifth Amendment. Pretrial claims of double jeopardy can be brought under § 2241. *Stow v. Murashige,* 389 F.3d 880, 886–87 (9th Cir. 2004). A pretrial double jeopardy claim "presents an exception to the general rule that a federal court must abstain from interfering in ongoing state criminal proceedings." *Hoyle v. Ada Cnty. Dist. Ct.*, No. CV 05-0063-S-EJL, 2006 WL 319216, at *2 (D. Idaho Feb. 10, 2006), *aff'd sub nom. Hoyle v. Ada Cnty.*, 501 F.3d 1053 (9th Cir. 2007); *see also Mannes v. Gillespie,* 967 F.2d 1310, 1312 (9th Cir. 1992).

However, at least one of Petitioner's claims—a claim of "selective prosecution"—is not a double jeopardy claim and, thus, may be subject to dismissal as unexhausted. Generally, exhausting one's federal claims in state court is a pre-requisite to bringing a § 2241 petition. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

Having reviewed the Petition, the Court finds it necessary to consider portions of the state court record in order to resolve Petitioner's claims, and it would also be helpful to receive briefing from Respondent. Therefore, the Court will order the Clerk to serve a copy of the Second Amended Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and who will provide relevant portions of the state court record to this Court.

# ORDER

**IT IS ORDERED:**

1. The Clerk of Court will serve (via ECF) a copy of the Second Amended Petition (Dkt. 11), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Petitioner's Motion for Evidentiary Hearing (Dkt. 13) is DENIED as premature. Plaintiff may request an evidentiary hearing after Respondents respond to the Second Amended Petition.

3. Because this action challenges pending state criminal charges, the Court will truncate the deadlines it normally uses for habeas corpus litigation. **Within 60 days** after service of the Second Amended Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer on the merits if the motion is unsuccessful); or (2) an answer on the merits that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).

4. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. The lodging of the remainder of the state court record, to the

extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

5. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served **within 21 days** after service of the answer and brief. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case will be deemed ready for a final decision.

6. If the response to the habeas petition is a motion, Petitioner's response must be filed and served **within 21 days** after service of the motion, and Respondent's reply, if any, must be filed and served **within 14 days** thereafter.

7. No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

8. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

9. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of

intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

10. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

12. Petitioner must at all times keep the Court and Respondent advised of any change in address.

SUCCESSIVE REVIEW ORDER - 5

13. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent, within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: April 4, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge