UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEVON JOSEPH ANDERSON,<br><br>                Petitioner,<br><br>v.<br><br>RUSSELL ROSS[1] and RAUL LABRADOR,<br><br>                Respondents. | Case No. 1:23-cv-00500-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is a Second Amended Petition for Writ of Habeas Corpus filed by Idaho state prisoner Devon Joseph Anderson. *See State's Lodging A-1* at 5. At the time he filed the initial petition in this case, Petitioner was a pretrial detainee facing pending state criminal charges. Therefore, the petition was, at that time, properly filed as a pretrial petition under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–93 (1973); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

However, after Petitioner filed the initial petition, he was convicted of felony stalking in the first degree, along with a persistent violator sentencing enhancement.

---

[1] Respondent Ross is substituted for his predecessor, Randy Valley, as the warden of the facility in which Petitioner is incarcerated. *See* Dkt. 22; Rule 2(a) of the Rules Governing § 2254 Cases; Fed. R. Civ. P. 25(d).

MEMORANDUM DECISION AND ORDER - 1

Petitioner was sentenced to 40 years in prison with 15 years fixed. *See State's Lodging A-1* at 5.

Petitioner was later convicted and sentenced, and his direct appeal is now pending.

Unaware that Petitioner had been convicted after the filing of the initial petition, the Court previously permitted Petitioner to proceed on his Second Amended Petition under § 2241, because Petitioner's pretrial double jeopardy claim may present "'an exception to the general rule that a federal court must abstain from interfering in ongoing state criminal proceedings.'" *Init. Rev. Order*, Dkt. 14, at 2 (quoting *Hoyle v. Ada Cnty. Dist. Ct.*, No. CV 05-0063-S-EJL, 2006 WL 319216, at *2 (D. Idaho Feb. 10, 2006), *aff'd sub nom. Hoyle v. Ada Cnty.*, 501 F.3d 1053 (9th Cir. 2007)). Thus, although § 2241 claims generally must be exhausted in state court, Petitioner may have been able to proceed—at least on his double jeopardy claim—despite the fact that Petitioner had not yet exhausted his claims.

Petitioner's conviction on his criminal charges, however, may change the legal landscape.

Respondent has filed a Motion for Summary Dismissal Without Prejudice. *See* Dkt. 19. Respondent first argues that, because Petitioner is now in custody pursuant to a state court judgment, the Second Amended Petition should be construed under 28 U.S.C. § 2254—not § 2241. Respondent then asserts that Petitioner has not exhausted his claims in state court.

In addition to responding to the Motion for Summary Dismissal, Petitioner has filed a Motion for Evidentiary Hearing and a Motion to Stay Idaho Supreme Court Appeal. *See* Dkts. 25 & 27.

All three pending motions are now ripe for the Court's consideration. The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkts. 18, 23, & 26; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 8. Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

Accordingly, and for the reasons explained below, the Court will enter the following Order (1) denying Petitioner's Motion for Evidentiary Hearing and Motion to Stay Supreme Court Appeal, and (2) granting Respondents' Motion for Summary Dismissal Without Prejudice. After Petitioner exhausts his claims in state court, he may file a new federal habeas petition.

## DISCUSSION

**1.     Because Petitioner Is Now in Custody Pursuant to a State Court Judgment, the Court Will Consider the Second Amended Petition under 28 U.S.C. § 2254**

Petitioner was convicted and sentenced—thus becoming a person "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a)—after he filed his initial

MEMORANDUM DECISION AND ORDER - 3

habeas petition in this matter. It appears that the Ninth Circuit has not addressed whether § 2241 or § 2254 is the appropriate statute under which to consider a habeas petition when the petitioner was convicted and sentenced during the pendency of the federal case.

The circuit has held that, at least where a petitioner has not been subjected to a final state court judgment throughout the entire federal habeas proceeding, a district court should consider a federal petition as challenging ongoing charges under § 2241. *Harrison v. Gillespie*, 640 F.3d 888, 897 (9th Cir. 2011) (en banc). In *Harrison*, the petitioner was "in custody under one sentence" but was attacking "a sentence which [the petitioner] had not yet begun to serve." *Id*. at 896. The Court explained that § 2254 did not apply because that statute "applies only to individuals in 'custody pursuant to the judgment of a State court,' and it is undisputed that the [state] courts have not yet entered judgment against" the petitioner on the sentence Petitioner had not yet begun to serve. *Id*. at 897. Thus, if a petitioner has not yet been convicted under a state court judgment, the petition is appropriately considered under § 2241. *See Stow v. Murashige*, 389 F.3d 880, 882 (9th Cir. 2004) (considering a petition under § 2241, not § 2254, where the petitioner challenged an "impending retrial" on double jeopardy grounds).

But, whether a petitioner who became subjected to a final state court judgment *during* his federal habeas proceeding must proceed under § 2241 or § 2254 is not entirely clear in the Ninth Circuit. Several circuits have addressed the issue and concluded that, in such a circumstance, the petition should be considered under § 2254. *See, e.g., Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *Hartfield v. Osborne*, 808 F.3d 1066, 1072 (5th Cir. 2015).

MEMORANDUM DECISION AND ORDER - 4

In *Yellowbear*, the Tenth Circuit acknowledged that, at the time the petitioner filed his habeas petition, he, like Petitioner here, was challenging ongoing state criminal charges. 525 F.3d at 923. However, after the petition was filed, he was convicted in a state court judgment. Thus, "[i]n its *current* posture," the petitioner's claim was "an attack on his conviction and sentence" under § 2254. *Id*. at 924. Because construing the petition under § 2254 had potential consequences under the Antiterrorism and Effective Death Penalty Act, the court remanded for further proceedings so the district court could notify the petitioner of the § 2254 recharacterization. *Id*. at 924–25.

The Fifth Circuit in *Hartfield* followed the Tenth Circuit's approach in *Yellowbear*. The *Hartfield* petitioner "initially filed a pretrial federal habeas petition under § 2241." 808 F.3d at 1072. However, "intervening events"—the petitioner's conviction—led to the petitioner's "being in custody pursuant to a state court judgment." *Id*. Thus, the petitioner's habeas claims were then "properly characterized as an attack on the 'validity of his conviction and sentence'" and had to be considered under § 2254. *Id*.; *see also Jackson v. Coalter*, 337 F.3d 74, 79 (1st Cir. 2003) (considering petition under § 2254 where petitioner initially challenged pending charge but then pleaded guilty, which "subjected him to a state court judgment").

District courts in the Ninth Circuit have also held that, when a petitioner is convicted and sentenced during the pendency of a federal habeas proceeding, the court should recharacterize the petition and consider it under § 2254, not § 2241. For example, in *Yahn v. King*, the U.S. District Court for the Northern District of California adopted the *Yellowbear* analysis and concluded that, in the "unusual situation" where a petitioner

MEMORANDUM DECISION AND ORDER - 5

is convicted and sentenced during the pendency of a federal habeas corpus case initially filed under § 2241, the petition should be "recharacterized" as a § 2254 petition. *Yahn v. King,* No. C-13-855 EMC (PR), 2015 WL 1814313, at *1–2 (N.D. Cal. Apr. 21, 2015) (unpublished).

In *Stanley v. Baca*, 137 F. Supp. 3d 1192 (C.D. Cal. 2015), the U.S. District Court for the Central District of California addressed a situation must like Petitioner's here—a double jeopardy claim was initially asserted in a pretrial § 2241 petition, but during the pendency of the federal proceedings, the petitioner was convicted in state court. The court noted that "the sole issue before the Court now on federal habeas review is whether Petitioner's *conviction* violates the Double Jeopardy Clause." *Id.* at 1200. As such, "that issue may be considered and resolved only under Section 2254." *See also id.* ("[A] pretrial detainee's change in status to convicted state prisoner during the pendency of his Section 2241 case will require that his habeas petition be considered under Section 2254 rather than Section 2241.").

The Court finds these cases persuasive. Petitioner was not in custody pursuant to a state court judgment when he filed the initial petition. Now he is. Therefore, the sole a question is whether Petitioner's *conviction* violates the Double Jeopardy Clause—or other constitutional provisions cited by Petitioner—and the appropriate statute under which to consider the habeas petition is 28 U.S.C. § 2254.

The Court now turns to consider the pending motions.

**2.     Petitioner's Motion for Evidentiary Hearing**

Petitioner seeks an evidentiary hearing. Dkt. 25. Petitioner argues a hearing is required to establish that he has, in fact, exhausted his claims. *Id.* at 1. Petitioner asserts he exhausted his claims in a request for a permissive appeal under Idaho Appellate Rule 12(c) and in a petition for writ of mandamus with the Idaho Supreme Court.

An evidentiary hearing is not required to resolve the exhaustion question because the Court has reviewed the state court records for the proceedings Petitioner references. *See State's Lodging C-1 through C-4*; Dkt. 21-1. Petitioner has not described any other evidence he believes is necessary to determine the exhaustion status of Petitioner's claims.

Petitioner also seeks an evidentiary hearing to establish actual innocence. Though actual innocence is not an independent constitutional claim, at least in a non-capital case, it can excuse the procedural default of a petitioner's habeas claim. *Herrera v. Collins*, 506 U.S. 390, 400, 404 (1993). However, Respondent is not arguing at this point that Petitioner's claims are procedurally defaulted. Thus, an actual innocence inquiry would be premature.

In any event, Petitioner has not set forth any new evidence suggesting that he is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating that, to excuse default based on actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not

presented at trial"). Thus, the Court will deny Petitioner's Motion for an Evidentiary Hearing.

**3.     Respondents' Motion for Summary Dismissal Without Prejudice**

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Petitioner's claims are unexhausted. For the reasons that follow, the Court agrees.

**A.     The Exhaustion Requirement**

"[W]hen a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Therefore, with very limited exceptions, a habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *Id*. at 842; 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State."). If a state prisoner "has the right under the law of the

MEMORANDUM DECISION AND ORDER - 8

State to raise, by any available procedure, the question presented" in a habeas claim, he must do so. 28 U.S.C. § 2254(c).

To exhaust habeas claims in state court, a petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *O'Sullivan*, 526 U.S. at 845. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).

In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have fairly presented all of his federal claims at least in a petition seeking review before that court. *O'Sullivan*, 526 U.S. at 847. Raising a claim "for the first and only time in a procedural context in which its merits will not be considered" except in rare circumstances does not constitute fair presentation. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

If a claim is unexhausted, but there is still an opportunity to exhaust the claim in the state courts, the dismissal of a petitioner's habeas case must be without prejudice. That is, a petitioner may file a new federal habeas corpus petition after his state court

MEMORANDUM DECISION AND ORDER - 9

remedies have been exhausted, though the petitioner must always remain mindful of the one-year statute of limitations for federal habeas corpus petitions.[2]

### 4. Petitioner's Claims Are Unexhausted

Petitioner does not dispute that his direct appeal from his criminal conviction remains pending. Therefore, that appeal cannot have served to exhaust any of Petitioner's instant habeas claims.

Petitioner contends, however, that he raised at least some of his claims to the Idaho Supreme Court in a "permissive appeal" and in a request for a writ of mandamus. Dkt. 21 at 2; Dkt. 21-1. He contends that these proceedings exhausted those claims.

Petitioner's request for a permissive interlocutory appeal was brought pursuant to Idaho Appellate Rule 12(c). *State's Lodging C-1*. The Idaho Supreme Court grants a request for such an appeal "only in the most exceptional cases," that is, where "there is a controlling question of law and whether an immediate appeal would advance the orderly resolution of the litigation." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 265 P.3d 502, 505 (Idaho 2011) (quotation omitted). Factors considered in the exceptional circumstances inquiry include whether "substantial legal issues of great public interest or legal questions of first impression are involved," the "impact of an immediate appeal upon the parties, the effect of the delay of the proceedings in the district court pending

---

[2] The one-year federal statute of limitations begins to run when the state court judgment is final, and it continues to run except during the time that a properly filed application for post-conviction or other collateral relief is pending in the state courts. 28 U.S.C. § 2244(d)(2).

MEMORANDUM DECISION AND ORDER - 10

the appeal, the likelihood or possibility of a second appeal after judgment is finally entered by the district court, and the case workload of the appellate courts." *Id*.

In Petitioner's case, the Idaho Supreme Court denied his request for an interlocutory appeal under Idaho Appellate Rule 12(c). *State's Lodging C-4*. Because the Idaho Supreme Court "will not … consider[]" a permissive interlocutory appeal except in the rarest of circumstances, *Castille*, 489 U.S. at 351, Petitioner's request for an interlocutory appeal did not serve to fairly present his habeas claims.

Petitioner also claims he exhausted his claims in a petition for writ of mandamus that he filed with the Idaho Supreme Court. *See* Dkt. 21-1 at 2–4. But "[o]nly rare and special circumstances warrant [the] extraordinary remedy" of mandamus under Idaho law. *The Associated Press v. Second Jud. Dist.*, 529 P.3d 1259, 1269 (Idaho 2023). Consistent with that standard, the Idaho Supreme Court denied Petitioner's request for a writ of mandamus. Dkt. 21-1 at 5. Because Petitioner's was not a case where extraordinary circumstances justified consideration of a petition for writ of mandamus, that petition could not have served to exhaust any of his habeas claims. *See Castille*, 489 U.S. at 351.

Petitioner does not cite any Idaho legal principle that would prohibit him from reasserting, on direct appeal or other appropriate proceedings, any claims he presented in his request for an interlocutory appeal under Idaho Appellate Rule 12(c) or in his petition for writ of mandamus. Though Petitioner worries that raising his claims on direct appeal—which is where he is *required* to raise them under Idaho law—will "frustrat[e]"

MEMORANDUM DECISION AND ORDER - 11

the Idaho Supreme Court, *see* Dkt. 25 at 1, the Court has found no basis for this belief in Idaho law.

Because Petitioner has not exhausted his habeas claims as required by 28 U.S.C. § 2254(b)(1)(A), the Petition is subject to dismissal.

**5.   Petitioner's Motion to Stay Supreme Court Appeal**

Petitioner asks this Court to intervene in his state court criminal direct appeal and to stay that proceeding. *See* Dkt. 27. Petitioner's basis for this request is that the prosecutor allegedly has "conflicting loyalties." *Id*. at 2. Petitioner also complains about the trial judge's jury instructions. *Id*. at 3.

A "judge of the United States before whom a habeas corpus proceeding is *pending*" has the authority and discretion to stay state court proceedings. 28 U.S.C. § 2251(a)(1) (emphasis added). Because the Court will enter judgment dismissing the instant habeas petition without prejudice, the case will no longer be "pending" in this Court. Therefore, the Court will deny Petitioner's Motion to Stay his state court proceedings.

## CONCLUSION

For the reasons explained above, Petitioner's claims are unexhausted. However, there remains an avenue for him to fairly present his claims—his direct appeal. There may also be other avenues, such as state post-conviction proceedings. Therefore, the Court will dismiss this case without prejudice. Once Petitioner exhausts his claims in state court, he may file a new federal habeas petition under 28 U.S.C. § 2254.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Motion for Evidentiary Hearing (Dkt. 25) is DENIED.

2. Petitioner's Motion to Stay Supreme Court Appeal (Dkt. 27) is DENIED.

3. Respondent's Motion for Summary Dismissal Without Prejudice (Dkt. 19) is GRANTED, and this action is DISMISSED without prejudice.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: October 25, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge